IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
_____

DARREN SOLFEST and
STACI SOLFEST,

                                                                                              ORDER
                                    Plaintiffs,

v.                                                                                             07-cv-427-slc

ARCTIC CAT INC.,

                                  Defendant.
_____

      This is a products liability lawsuit arising out of an ATV rollover. Earlier today I granted defendant Arctic Cat, Inc.'s motion to strike plaintiff's timely-disclosed expert, Jeffrey Kuehn, because his proposed trial testimony did not meet the requirements of F. R. Ev. 702. Also pending before the court is defendant's April 14, 2008 motion to strike plaintiff's "rebuttal" expert, L.D. Ryan, and to dismiss this lawsuit as a sanction. *See* dkt. 65. Because trial is firmly set–at both sides' insistence–for April 28, 2008, upon receipt of defendant's motion this court promptly set an aggressive briefing schedule.

      Now that I have looked at defendant's motion and reviewed the case file, I conclude that there is no need to entertain a response from plaintiffs in opposition to the motion to strike because there is no circumstance under which this court would allow Ryan to testify at this trial. Plaintiffs' attempt to insert him into the mix at this last stage wreaks savage violence on this court's unequivocal scheduling orders and tramples every precept of notice and fair play that imbues federal civil litigation. Plaintiffs' presentment on April 9, 2008 of an April 5, 2008 33-page ostensible "rebuttal" report from a brand new expert witness in a products liability case constitutes sandbagging of the first water. I am granting defendant's motion to strike but I am

declining to dismiss this case without first receiving an updated evidentiary proffer from plaintiffs.

When this case was filed on August 6, 2007, it was randomly assigned to Judge John C. Shabaz, who is notorious for the speed and rigidity of his civil trial schedules. On January 9, 2008, Judge Shabaz ordered "that expert witnesses shall be named not later than January 29, 2008." *See* dkt. 18. On January 29, 2008, Judge Shabaz signed the parties' stipulation and order regarding deadlines for expert reports *See* dkt. 26. The order set February 19, 2008 as plaintiffs' deadline to provide expert reports and March 20, 2008, as defendant's deadline to provide expert reports. I understand that the parties later entered a mutual agreement to extend the report deadlines by three days.

Fed. R. Civ. P. 26(a)(2)(C) states that "[a] party *must* make [expert] disclosures at the times and in the sequence that the court orders." (Emphasis added). Therefore, Judge Shabaz's orders govern all disclosures of all expert witnesses and trumps any different sequence of disclosure otherwise permitted by Rule 26(a)(2)(C)(ii), which applies only in the absence of a court order. Plaintiffs filed their expert witness list on January 29, 2008, and L.D. Ryan's name is nowhere to be found on the list. Plaintiffs did try to hedge their bets by naming in their expert list, "[a]ny experts who may be necessary to rebut experts named by any other party." This statement was and remains a nullity because it clearly contradicts Judge Shabaz's January 9, 2008 order, which states "expert witnesses shall be *named* not later than January 29, 2008." (Emphasis added). Any proffered expert witness not named on the list violates the court order and in accordance with Fed. R. Civ. P. 37(c)(1) shall be excluded from testifying.

Apart from this, even in the absence of a clear court order barring plaintiffs' attempt, the nature, scope and timing of Ryan's report presents an independent and adequate second reason to exclude it. Although this on-the-fly *magnum opus*[1] contains rebuttal and impeachment elements, it actually is the pro-active report that plaintiff should have filed on February 29. Even a brief perusal of the report clearly demonstrates that plaintiffs are bringing in new theories of liability and new evidence beyond anything mentioned in Kuehn's terse, equivocal report. I would surmise that plaintiffs, recognizing the deficiencies of Kuehn's report, sought out Ryan, started from scratch, and now, after discovery is closed and the court has held the final pretrial conference, are trying to shoehorn him in under the guise of "rebuttal."

Defendant is screaming bloody murder and rightfully so. This is not a situation where the equities militate toward cutting plaintiffs some slack. When this case was transferred from Judge Shabaz to Judge Crabb, the parties jointly resisted an 8+ month delay in the trial and consented to my jurisdiction over this lawsuit so that they could keep their April 28, 2008 trial date in Eau Claire. Several times thereafter I offered the parties the opportunity to relax the schedule a bit to give them the time they might need to be properly prepared for trial.

Plaintiffs never asked for more time. They never indicated that they might have a new expert with new opinions for whom they might be seeking leave to add to their list. They never asked the court if it would countenance rebuttal experts notwithstanding Judge Shabaz's order. Ryan finished his report on Saturday, April 5, 2008, but plaintiffs did not mention its existence at the Monday, April 7, final pretrial conference with the court, nor did they share the fact of

---

[1] It was finished on a Saturday and is rife with typos and redundant cut-and-paste sections, bespeaking the haste with which Ryan prepared it.

3

its existence with defendant at that time, even though the parties had scheduled the depositions of defendant's experts for April 8 and 10. Obviously, defendant was unable to inquire of its experts regarding Ryan's disagreements with their opinions because no one in the defense camp even knew Ryan was out there, let alone that he had written a brand new, long, detailed report. Although plaintiffs had used e-mail previously to send Jeffrey Kuehn's expert report to defendant, on April 9, 2008 they mailed Ryan's report. They did not hand it to opposing counsel prior to the April 10 expert depositions, waiting until after. The mailed copy arrived the next day, April 11.

This is no way to try a lawsuit, in any court, on any topic. Even so, I will not dismiss the lawsuit outright. However, there does not appear to be any evidence available to plaintiffs that would allow a jury to find in their favor. Mr. Solfest cannot remember the incident. There are no eyewitnesses. I have stricken both of plaintiffs' experts. What's left?

Plaintiffs have until 4:00 p.m. on Tuesday, April 22, 2008, to provide a detailed factual proffer, with citations to admissible evidence in the record , establishing a *prima facie* entitlement to the relief they are requesting in this lawsuit. Defendants may have 24 hours, until April 23, 2008 at 4:00 p.m. within which to respond to any proffer. I still am willing to hold this trial if there is a need, but I will not so burden the parties, witnesses, lawyers and jurors for no good reason. Absent a prima facie showing by plaintiffs I will grant dismissal and the parties may appeal the court's evidentiary rulings without having been put through a pointless trial.

ORDER

IT IS ORDERED that defendant's motion to strike plaintiffs' expert L.D. Ryan and to dismiss this lawsuit (dkt. 65) is GRANTED IN PART AND DENIED IN PART in the manner and for the reasons stated above.

Entered this 18th day of April, 2008.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge